IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HYACINTH CAMPBELL** § | | **PLAINTIFF** |
| § | | |
| **VERSUS** § | | **Civil No.: 1:14cv75-HSO-RHW** |
| § | | |
| **ROYAL HOSPITALITY SERVICES, LLC** § | | **DEFENDANT** |

### ORDER GRANTING PLAINTIFF'S MOTION [290] FOR DEFAULT JUDGMENT AND DENYING PLAINTIFF'S MOTION [285] FOR SUMMARY JUDGMENT AS MOOT

BEFORE THE COURT is Plaintiff Hyacinth Campbell's Motion [290] for Default Judgment against the only remaining Defendant in this civil action, Royal Hospitality Services, LLC ("RHS"). RHS has failed to respond to Plaintiff's Motion for Default, filed on September 25, 2015, failed to respond to Plaintiff's earlier Motion for Summary Judgment [285], and ignored two of the Court's Orders [274] and [287], directing it to retain and enroll counsel. RHS has been given adequate time to respond and warned of potential default, but has not retained counsel or otherwise participated in this litigation since the Court granted its counsel's Motion to Withdraw on May 19, 2014. After due consideration of the Motion for Default Judgment [290], Plaintiff's proof of damages, the record as a whole, and relevant legal authorities, the Court finds that Plaintiff's Motion for Default Judgment should be granted and that a Default Judgment should be entered against Defendant RHS. Plaintiff's earlier Motion for Summary Judgment [285] will, therefore, be denied as moot.

I. BACKGROUND

A. Factual Background

Plaintiff alleges that she was a victim of labor trafficking when she worked for RHS from May 2009 to May 2010. More specifically, she states:

> Plaintiff was trafficked from Jamaica to [the] United States under false pretenses and coerced to work for Royal Hospitality. In direct violation of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Royal Hospitality then obtained Plaintiff's labor by controlling her visa status and threatening to fire and deport her if she did not pay "visa fees" for Royal Hospitality to renew her visa. Further, Defendant violated the Fair Labor Standards Act through Unlawful deductions from Plaintiff's paychecks and exorbitant housing costs.
>
> Defendant's violations were the proximate cause of actual damages in the amounts of $2,500 in "placement fees", $3,850 in excessive rent, $1,200 in "visa fees", $2,500 for pay of less than minimum wage. Plaintiff has also suffered noneconomic damages of mental anguish as a direct result of Defendant[']s actions. Further, Plaintiff is entitled to reasonable attorney's fees under the Fair Labor Standards Act.
>
> Plaintiff seeks liquidated damages in the amount of $10,050. Plaintiff seeks unliquidated damages in the amount of $50,000. Plaintiff seeks reasonable attorney fees in the amount of $11,549.43.

Mot. Default J. [290], at 5. Plaintiff has supported these claims for damages with her own affidavits concerning the facts alleged [290-1], and damages suffered [290-2], and has provided an affidavit from her attorney to document attorney fees [290-4]. Based on this calculation of damages, Plaintiff seeks a default judgment against RHS "for the sum of $71,599.43, plus costs of court and interest." Mot. Default J. [290], at 6.

B.  Procedural History

On October 28, 2011, Plaintiff and over fifty other foreign nationals claiming to be victims of labor trafficking filed an original Complaint [1] against Defendants Michael V. Lombardi, U.S. Opportunities, LLC, RHS, and the Beau Rivage. Plaintiffs also sued twelve other named Defendants, but later voluntarily dismissed the claims against those Defendants.

RHS answered [57] the original Complaint on April 2, 2012, and filed several other pleadings including a Motion to Dismiss for lack of Jurisdiction [59] on July 3, 2012, and a Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery Responses [131] on May 29, 2013. On February 25, 2014, the Court entered an Order of Severance [270], finding that although Plaintiffs' claims were superficially similar, "the transactions and occurrences which give rise to their purported claims are predominantly individualized and will require individualized proof, both as to liability and damages." Order of Severance [270], at 2–3. That same day, Beau Rivage was dismissed as a Defendant in Plaintiff's case. Order on Stipulation of Dismissal [269].

After severance, Plaintiff Campbell filed an Amended Complaint [271] in this case on March 26, 2014, alleging claims only against RHS, for violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589–90, 1594–95, ("TVPRA"), and the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA"). Less than one month after the Amended Complaint was filed, counsel for RHS moved the Court for permission to withdraw, claiming that RHS had failed to pay

3

legal fees and that counsel had been "unable to locate the Defendant." Mot. to Withdraw [273]. The Magistrate Judge granted the Motion to Withdraw [273], and permitted RHS "until June 20, 2014, to have new counsel enter an appearance on its behalf, failing which this Defendant is warned that it may be subject to sanctions up to and including default judgment." Order Granting Mot. to Withdraw [274].

Since the time of its counsel's withdrawal in this matter, RHS has failed to appoint new counsel or respond to any pleadings. Despite the Court's February 2, 2015, Order [280] directing the parties to file cross-motions for summary judgment, RHS did not file its own Motion or respond to Plaintiff's Motion [285]. On July 27, 2015, the Court ordered RHS to show cause for its failure to respond and failure to secure counsel and warned RHS that its failure to comply could result in the entry of a default judgment without further notice. Order [287]. RHS again failed to respond to this show cause order.

On August 20, 2015, the Court ordered Plaintiff to submit a Motion for Default Judgment containing an individualized calculation of money damages based on record evidence. Order [288]. The Order indicated that responsive pleadings "shall be filed in accordance with the deadlines contained in the Local Uniform Civil Rules for the Southern District of Mississippi." Plaintiff's Motion for Default Judgment [290], supported by appropriate evidence of damages, was submitted on September 25, 2015. Again, RHS has not responded.

## II.  DISCUSSION

The Court may enter default judgment pursuant to Federal Rule of Civil Procedure 55 "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55.  Because RHS initially made an appearance in this action, before the Court may enter a default judgment, RHS "must be served with written notice of the application [for default] at least 7 days before the hearing." FED. R. CIV. P. 55(b)(2).  The Fifth Circuit has held, however, that "Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment," when the party in default has had "sufficient notice of the possibility that a default judgment would be entered against them." *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

More than 14 days have passed since the Motion for Default Judgment was filed, and RHS was alerted to the possibility of default in this Court's Order Directing Plaintiff to File Motion for Default Judgment on August 20, 2015.  The Court finds RHS has been given appropriate notice of Plaintiff's request for default judgment and failed to respond.  In light of the evidence on damages submitted by Plaintiff, which remains unopposed by RHS, the court finds that a hearing on damages is not required.

After due consideration of the Motion for Default, the record, and relevant legal authorities, the Court finds that Plaintiff's Motion is well taken, and should be

granted.  Based on the affidavits submitted and the entire record, the Court agrees with Plaintiff's calculation of damages.  The Court will enter a default judgment against RHS in the amount of $71,599.43, plus costs and post-judgment interest.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment [290] and will enter a Default Judgment against RHS in the total amount of $71,599.43, plus costs and post-judgment interest.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion [290] for Default Judgment is **GRANTED**.  The Court will enter a separate Default Judgment against Royal Hospitality Services, LLC.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiff's Motion [285] for Summary Judgment is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED** that a copy of this Order shall be mailed to Defendant at its last known address of record, Royal Hospitality Services, LLC, 237 N. Peters, Suite 4, New Orleans, LA 70130.

**SO ORDERED AND ADJUDGED,** this the 13th day of October, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE